UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


DEBRA A. KINDLE,                                    )
                                                   )
                Plaintiff,                          )
                                                   )
v.                                                  )          3:04-CV-477
                                                   )          (JARVIS/GUYTON)
                                                   )
JO ANNE B. BARNHART,                                )
Commissioner                                        )
of Social Security,                                 )
                                                   )
                Defendant.                          )


## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's motion for

summary judgment [Doc. 12] and the defendant's motion for summary judgment. [Doc. 20].

Plaintiff Debra A. Kindle[1] seeks judicial review of the decision of the Administrative Law Judge

("ALJ"), the final decision of the defendant Commissioner.

        The ALJ made the following findings:

        1.      The claimant meets the nondisability
                requirements for a period of disability and
                disability insurance benefits set forth in
                Section 216(i) of the Social Security Act and
                is insured for benefits through the date of
                this decision.

---

[1]Plaintiff's name is now Debra Helton.  (Tr. 349).

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b). These include: hypothyroidism, depression, bipolar disorder, fibromyalgia, anxiety disorder, post traumatic stress disorder, obsessive compulsive disorder, and hyperlordosis of the lower thoracic and lumbar spine.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the residual functional capacity to perform light work lifting 20 pounds occasionally and 10 pounds frequently, standing and/or walking for six hours in an eight-hour day, and sitting for two hours in an eight-hour day; avoiding excessive stress, frequent bending and stooping, excessive vibrations.

8. The claimant is unable to perform any of her past relevant work (20 C.F.R. § 404.1545).

2

9. The claimant is a younger individual (20 C.F.R. § 404.1563).

10. The claimant has a "high school education" (20 C.F.R. § 404.1564).

11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

12. The claimant has the residual functional capacity to perform a significant range of sedentary and light work[.]

13. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary and light work, using Medical-Vocational Rules 201.21 and 202.21 as a framework for decisionmaking, there are a significant number of jobs in the national economy which she could perform.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. 28-29).

The ALJ's findings are conclusive so long as they are supported by substantial evidence. Duncan v. Secretary of Health and  Human Services, 801 F.2d 847, 851 (6th Cir.1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420 (1971)).

Plaintiff argues that the ALJ erred in his assessment of her mental and physical

impairments relative to his residual functional capacity ("RFC") finding and that his hypothetical

was inaccurate and incomplete because it did not include all of her mental limitations. Plaintiff

contends that the ALJ did not give substantial weight to the opinions of the treating psychiatrist

and/or the examining psychologist[2], arguing that because their opinions were similar and

supported each other, the ALJ should have given their opinions greater weight. She asserts that

the consulting examiner found that she was unable to return to work and unable to adapt to a

work situation at this time, but that the ALJ replaced this psychologist's opinion with his

opinion, noting that the psychologist appeared to consider plaintiff's physical problems as well

as her psychological problems. Plaintiff insists that the psychologist's opinion indicated more

psychological problems than physical problems. Moreover, plaintiff argues that the ALJ relied

on only a portion of state agency, nonexamining opinions, excluding those parts that could

support a finding of disability. (Tr. 27).

As for her physical impairments, plaintiff argues that the ALJ's RFC finding is

not supported by her treating physicians or chiropractors and that the ALJ should have given

greater weight to the treating physicians' opinions, which is supported by continuing chiropractic

treatment. She notes that she was diagnosed with fibromyalgia by her treating physicians, that

the consulting examiner found evidence of trigger points, and that the examining consultant

acknowledged an objective basis for her pain and fatigue.

---

[2]Plaintiff in her brief does not refer to the psychologists and physicians by name, and
therefore, it is difficult to discern at times precisely to whom she refers.

4

In light of her argument that the ALJ did not consider fully her mental impairment, plaintiff contends that the hypothetical was not complete or accurate, arguing that the ALJ posed a general hypothetical with emotional or mental restrictions of the inabilities to handle excessive stress and frequent contact with the public. (Tr. 364). She maintains that the ALJ then posed several hypotheticals by adding other restrictions, although none were related to the opinions of the psychologist and the psychiatrist and the ALJ's RFC finding provided fewer restrictions than any of the hypotheticals. (Tr. 28-29).

The Commissioner asserts that the ALJ properly weighed the opinions of record in determining plaintiff's mental RFC. She notes that the ALJ found that although plaintiff had severe mental impairments of depression, bipolar disorder, anxiety disorder, post-traumatic stress disorder, and obsessive compulsive disorder, he did not find that any one of these met or equaled a listing impairment. (Tr. 24, 27). He did find, however, that plaintiff needed to avoid excessive stress, thereby acknowledging her inability to handle stressful jobs. (Tr. 27, 275, 281, 350-51). With respect to consultative psychological examiner Woehr's opinion, the Commissioner notes that she found that plaintiff's affect and mood were depressed, she had some trouble recalling historical information at times, her thought process was within normal limits but marked by depression, and her judgment was good, but her insight was poor, commenting that plaintiff "may return to work in the future in some capacity, but at this time, she is unable to adapt to a work situation." (Tr. 281-82). The Commissioner asserts, however, that a medical source's opinion on the ultimate issue of disability is not entitled to any deference because that is an issue reserved to the Commissioner and that the record does not support Dr.

5

Woehr's severe limitations of functioning   The Commissioner explains that Dr. Woehr did not

opine that plaintiff was permanently disabled, but rather that she "may return to work in the

future in some capacity." (Tr. 282).  Moreover, she contends that the ALJ noted that Dr. Woehr's

opinion appeared to be based on plaintiff's physical, as well as mental, condition, as evidenced

by her comment that plaintiff's "physical problems limit her mobility and cause other

limitations" and that the "pain she as [sic: has] from her physical conditions interfere[s] with her

sleep . . . and limit[s] her mobility." (Tr. 26, 282).  Thus, the Commissioner insists that because

Dr. Woehr is a clinical psychologist, she is not qualified to consider plaintiff's physical

impairments, and therefore, the ALJ was entitled to give her opinion less weight.  (Tr. 26).

Furthermore, the Commissioner contends that the ALJ's mental RFC finding is consistent with

the relatively mild clinical findings contained in the treatment notes and were consistent with the

ALJ's RFC finding.  Although plaintiff alleges that her treating psychiatrist , which the

Commissioner presumes to be Dr. Zemichael, gave an opinion which was similar to and

supportive of Dr. Woehr's opinion, the Commissioner maintains that Dr. Zemichael never gave

an opinion regarding plaintiff's mental limitations, and neither did Dr. Poe or Dr. Alles at

Cherokee Mental Health Center.  (Tr. 267-79).  She points out that in August 2001, Dr. Poe

observed that plaintiff's affect and mood were within the normal range, her thought process and

memory function were intact, she had fair insight and judgment, and she denied suicidal or

homicidal ideation and delusions.  (Tr. 272).  Additionally, Dr. Zemichael in October 2001

observed good eye contact, a cooperative attitude, normal and coherent speech, no suicidal or

homicidal ideation, no paranoid delusions, fair insight and judgment, and grossly intact cognition

6

(Tr. 271), and in November and December 2001, he observed good eye contact, normal speech, logical and goal-directed thoughts, no suicidal or homicidal ideation, no psychosis, fair insight and judgment, and grossly intact cognition. (Tr. 268, 270-71).  In January and April 2002, he observed a cooperative attitude, anxious mood, dysthymic affect, and no perception problems, thought abnormalities, or suicidal or homicidal ideation and plaintiff reported that her medications were helpful. (Tr. 276, 278).

Next, plaintiff argues that the ALJ relied on only a portion of the state agency psychologists' opinions and excluded those portions which could support a finding of disability. The Commissioner insists, however, that the state agency psychologists' evaluations did not support a finding of disability because they indicated less than the degree of limitation required to meet or equal a listing impairment. (Tr. 302, 320).  Thus, the Commissioner maintains that the state agency psychologists' findings supported the ALJ's conclusion that plaintiff's severe mental impairments did not meet or equal any listing.

Moreover, the Commissioner insists that the ALJ was also entitled to consider plaintiff's daily activities of cooking, shopping, doing laundry, babysitting her young grandson, driving, and handling her own financial affairs, which provide further evidence that she was able to function mentally on a day-to-day basis.  (Tr. 282).

As for plaintiff's physical RFC, the Commissioner insists that the ALJ properly weighed the medical opinions in the record.  Although plaintiff argues that the ALJ erred in failing to give great weight to the opinions of her treating physicians, the Commissioner insists that, as with her mental impairments, none of plaintiff's treating physicians gave an opinion

7

concerning her physical limitations and no treating or examining physician found plaintiff

disabled or unable to work due to her fibromyalgia.  Moreover, the Commissioner contends that

plaintiff does not even refer to any specific opinion by a treating physician, relying instead on

her subjective complaints of fatigue and insomnia, as well as her treating doctors' diagnoses of

fibromyalgia and depression.  However, the Commissioner insists that subjective complaints and

diagnoses of an impairment do not indicate what, it any, functional limitations it may cause.

The record showed that plaintiff's conservative treatment of medication and chiropractic care, as

well as her daily activities, did not indicate a disabling physical  impairment. (Tr. 251, 255, 260-

63, 282).  The Commissioner maintains that the ALJ considered the objective medical findings

and plaintiff's daily activities to find an RFC for a reduced range of light work, which is lifting

20 pounds occasionally and 10 pounds frequently, standing and/or walking for six hours in an 8-

hour day, sitting for 2 hours in an 8-hour day, and avoiding excessive stress, frequent bending

and stooping, and excessive vibrations. (Tr. 26).   The Commissioner further notes that this RFC

was more favorable to plaintiff than the medical opinion of consultative examiner Dr. Johnson

who found that plaintiff could routinely lift 15 pounds and occasionally lift 25 pounds and could

sit, stand, or walk for more than 6 hours in an 8-hour day (Tr. 285) and that of state agency,

nonexamining  physician Dr. Tilley, who determined that plaintiff could perform medium work.[3]

(Tr. 285-91).

> With respect to plaintiff's argument regarding the hypothetical, the Commissioner

points out that plaintiff does not specify what mental restrictions the ALJ should have included,

---

[3]Medium work is defined as involving "lifting no more than 50 pounds at a time with
frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

noting that none of plaintiff's mental health sources offered an opinion regarding specific mental limitations. Moreover, the Commissioner insists that the ALJ posed hypothetical questions to the vocational expert based on his RFC finding and maintains that the ALJ was not required to incorporate into his hypothetical questions limitations that were not substantiated by the record.

In light of the foregoing, I find no error by the ALJ in his RFC determination regarding plaintiff's mental and physical impairments. As noted, none of plaintiff's treating psychologists and physicians provided a medical opinion regarding her ability to work. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984) (Social Security disability claimant bears the burden of proof on the issue of disability). Consultative examiner Dr. Woehr did not opine that plaintiff was disabled, only that she would have difficulty adapting to a work situation. (Tr. 282). Moreover, Dr. Woehr saw plaintiff only once, whereas none of the mental health providers at Cherokee Mental Health Center offered an opinion on plaintiff's mental impairments. The treatment notes in the record of Drs. Zemichael, Poe, and Alles do not indicate a disabling mental impairment. (Tr. 267-79) 20 C.F.R. § 404.1527(d)(2)(ii) (more weight given to a medical source with more knowledge about the nature and extent of plaintiff's impairments). Furthermore, I find that the ALJ did not rely on selected portions of the state agency reviewers' findings, but found that plaintiff had only mild to moderate limitations and did not meet a listing impairment. (Tr. 302, 320).

Similarly, plaintiff's treating physicians did not offer an opinion regarding plaintiff's physical limitations. Although plaintiff contends that her fatigue, insomnia, and her diagnosis of fibromyalgia support a finding of disability, she has failed to prove any disabling

functional limitations from these conditions. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir. 1987) (mere diagnosis of any impairment does not establish per se disability). The ALJ ultimately found plaintiff could do light work, and this finding is supported by the fact that consultative examiner Dr. Johnson and state agency reviewer Dr. Tilley both found plaintiff could perform at this exertional level or greater. (Tr. 25, 285-91).

The ALJ in his hypothetical stated

> Assume further she has demonstrated certain significant nonexertional impairments . . . relating to hypothyroidism, mental depression, bipolar mental disorder, fibromyalgia, posttraumatic stress disorder, mental anxiety and obsessive-compulsive mental disorder resulting in an inability to handle excessive stress and inability to handle frequent contact with the general public, inability to perform frequent bending and stooping and an inability to handle excessive vibration.

(Tr. 364). Although plaintiff does not specify what mental impairments the ALJ should have included in his hypothetical, the ALJ included the mental limitations of avoiding stress and frequent contact with the public, and thus, based on the record evidence, did not find any additional mental limitations to be credible. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1235 (6th Cir. 1993) (ALJ is required to incorporate into the hypothetical question only those limitations accepted as credible); Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927-28 (6th Cir. 1987) (a hypothetical question need not reflect a plaintiff's unsubstantiated complaints). Therefore, this issue is without merit.

10

Therefore, it is hereby **RECOMMENDED**[4] that the plaintiff's motion for

summary judgment [Doc. 12] be **DENIED** and that the Commissioner's motion for summary

judgment [Doc. 20] be **GRANTED**.


Respectfully submitted,

    s/H. Bruce Guyton
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

11